IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 04-60013-AA |
| Plaintiff, | OPINION AND ORDER |
| vs. | |
| CHRISTOPHER MICHAEL WRIGHT, | |
| Defendant. | |

Karin Immergut
United States Attorney
District of Oregon
William E. Fitzgerald
Assistant United States Attorney
701 High Street
Eugene, Oregon 97401
    Attorneys for plaintiff

Robert J. McCrea
McCrea, P.C.
1147 High Street
Eugene, Oregon 97401
    Attorney for defendant

AIKEN, Judge:

    Defendant filed an initial motion to suppress evidence. The motion was fully briefed and on March 3, 2005, the court heard

Page 1 - OPINION AND ORDER

the testimony of witnesses, admitted exhibits, and allowed argument. The court then granted both parties leave to file supplemental briefing. On April 5, 2005, the court denied defendant's motion.

On April 21, 2005, the government issued a superseding indictment. Defendant has filed a motion to dismiss new charges in the superseding indictment and a supplemental motion to dismiss new charges in a second superseding indictment. These motions were fully briefed and the court heard oral argument on July 26, 2005. Defendant's motions are denied.

## BACKGROUND

The court will repeat facts of this case as found from the first hearing in March 2005, and set out in this court's opinion dated April 5, 2005 (doc. 50).

On November 9, 2004, Special Agent Jonelle Battaglia of the Social Security Administration (SSA) applied for and received a search warrant for the premises at 39690 Little Fall Creek Road, Fall Creek, Oregon; and 90785 Link road, suite #1, Eugene, Oregon. The agent's affidavit provided the following facts: Defendant was the subject of five outstanding Utah arrest warrants for felony drug offenses that were extraditable in all fifty states; defendant had "eight previous arrests in the Salt Lake City area, including the offenses of possession of dangerous drugs (methamphetamine), possession with intent to distribute a

controlled substance, possession of a concealed weapon, possession of drug paraphernalia, attempted possession with intent to distribute, and contempt of court;" on March 15, 2001, during a search of defendant's residence at 24616 NE Rawson Road, Bush Prairie, Washington, and in connection with defendant's arrest on an outstanding Utah state warrant, "multiple weapons were seized along with approximately four pounds of methamphetamine and approximately 73 pounds of pseudoephedrine; on February 28, 2002, defendant used a duplicate social security card issued to Scott Allen McCoy to obtain a false Oregon Identification card in the name of Scott Allen McCoy; defendant used the identify of McCoy to subscribe to cell phone service, receive mail, purchase four vehicles, lease the Little Fall Creek Road property, and subscribe to utilities at Link Road in Eugene, Oregon; on November 4, 2004, the owner of the Little Fall Creek Road property identified a person he knew as Scott McCoy, the lessee of the property from a photo line-up. The actual identity of the person was the defendant. The "Rental Application for Married Couples" provided by the owner listed McCoy's work address as 90785 Link Road, Eugene, OR.

The search warrants were executed as follows:
On November 10, 2004, at approximately 7:20 a.m., Drug Enforcement Agency (DEA) agents, United States Marshal Service (USMS) deputies from the Special Response Team (SRT), a special

Page 3 - OPINION AND ORDER

agent from the Social Security Administration (SSA), and state and local law enforcement officers executed the search warrant at 39690 Little Fall Creek Road, Fall Creek, Oregon. During the search, agents found $6,855 in cash and a semi-automatic .45 caliber pistol in a black carry bag in defendant's closet in the master bedroom. Agents brought a dog into the house to confirm that it was drug money. The dog "alerted" on the money and then "alerted" again on a book in the master bedroom. The book was found to be hollow and contained $4,750 in cash.

DEA Special Agents Karin Pacheco and David Tyree interviewed the defendant during the execution of the search warrant at Little Fall Creek Road. Defendant admitted that he had two ounces of methamphetamine at his business located on Link Road in Eugene, Oregon. Defendant alleges that he told agents that the methamphetamine was for his "personal use." Defendant also told the agents that he had at least $15,000 currency at his residence that he won gambling.

During the execution of the search warrant at Little Fall Creek Road, Agents interviewed defendant's girlfriend, Suana Fenton. The government alleges that Fenton told the agents that defendant sells drugs and that the money found at the residence probably came from the sale of methamphetamine. The government further alleges that Fenton told the agents that she had picked up money from the sale of drugs for the defendant. Finally, both

parties agree that Fenton told the agents that she had won some of the money found at the residence by gambling. Fenton testified at the hearing and denied these statements except for her statement about the money found at the residence being from her gambling winnings.

The search ended at approximately 10:45 a.m. Agents applied for a seizure based on: (1) discovery of $11,605 in the master bedroom; (2) defendant's admission to two ounces of methamphetamine; and (3) Fenton's statements about the money being from defendant's drug trafficking activities. Pursuant to the seizure warrant, the $11,605 found at the residence was seized as evidence.

On the same date, at approximately 6:45 a.m., DEA agents executed a search warrant at defendant's car repair garage at 90785 Link Road, Suite #1, Eugene, Oregon. In the top left desk drawer inside of the office area, agents found a clear plastic baggie containing approximately 109.58 grams of methamphetamine. Inside a four drawer metal cabinet on the north side of the warehouse wall of the business, agents found three small plastic baggies containing 34.38 grams of a white crystalline power and $5,000 in U.S. currency inside a file folder of personal documents belonging to Craig Rogers. Both the suspected drugs and cash were seized as evidence.

During the execution of the search warrant at Link Road, DEA Agents Pacheco and James Sewell interviewed defendant's business partner, Ronald Compton. Compton admitted that he and defendant leased the garage and that defendant utilized the entire office space. Compton told the agents that he and defendant often smoked methamphetamine at the garage and that defendant supplied the methamphetamine. Compton then told the agents that he rented a storage locker at West Lane RV Boat and Storage on Highway 126 in Veneta, Oregon, and that defendant used to rent a storage locker at that location. Compton testified at the hearing and denied having told agents that defendant used to rent a storage locker at that facility. I find the agents' testimony and subsequent affidavits credible regarding the statements made by Compton to the agents.

Deputy U.S. Marshal Ortmann spoke with the owner of West Lane RV and Boat Storage, who said he had a storage contract for locker #51 in the name of Scott McCoy. Agent Pacheco's affidavit inaccurately stated that she had contacted the owner. At the hearing, Pacheco clarified that it was actually Deputy Ortmann who spoke to the owner. Deputy Ortmann then told Agent Pacheco that defendant currently rented locker #51. Pacheco applied for and obtained a warrant to search locker #51. Pacheco incorporated information from her previous affidavit in support of the seizure warrant for $11,605, the methamphetamine and the

$5,000 cash at the business, and the information from Compton and the RV storage owner.

On November 10, 2004, at approximately 5:50 p.m., agents executed a search warrant at West Lane RV and Boat Storage, Locker #51. The locker contained a large methamphetamine laboratory, approximately 26.5 pounds of methamphetamine reaction residue; 63,816 pseudoephedrine tablets in blister packs; 121 pounds of pseudoephedrine tablets in bulk; and $23,626.06 in cash.

## DISCUSSION

Defendant moves this court for an order dismissing the following counts from the government's Superseding Indictment based on "prosecutorial vindictiveness:" Count 5 (Aggravated Identity Theft), Counts 6 and 7 (Possession of a Document-Making Implement), Count 8 (Fugitive in Possession of a Firearm), and Count 10 (Firearm/Drug Trafficking Crime).[1] The defendant also moves, via a supplemental motion, to dismiss two additional counts in the second superseding indictment filed by the government on the same basis as argued above. Those Counts are: Count 2 (Possession with Intent to Distribute Methamphetamine) and Count 3 (Maintaining Drug-Involved Premises).

---

[1] These Counts have been renumbered in the Government's Second Superseding Indictment.

The Ninth Circuit indicated that the presumption of vindictiveness is raised when the increased charges arise from the same nucleus of operative facts as the earlier charge, which gives rise to the appearance that the government, "faced with a disappointing result, act[s] so as to 'up the ante' for the defendant." U.S. V. Martinez, 785 F.2d 663, 660 n.7 (9th Cir. 1986). Further, a "superseding indictment supports a presumption of vindictiveness when the additional charges are based on the same conduct that was the subject of the first indictment, when the same sovereign was involved, and most importantly, when the decision to file increased charges directly followed the assertion of a procedural right." U.S. v. Garza-Juarez, 992 F.2d 896, 907 (9th Cir. 1993). Once that presumption has been established, the burden is then on the government to present sufficient evidence to rebut the presumption of prosecutorial vindictiveness. Id. at 906.

The Supreme Court, however, emphasized that this presumption must be supported. U.S. v. Goodwin, 457 U.S. 368 (1982). In Goodwin, the Supreme Court concluded that a presumption of prosecutorial vindictiveness was not warranted where a prosecutor simply remained silent and added more charges after rejection of the plea bargain, without any additional objective evidence of prosecutorial vindictiveness. Id. at 384. The Court noted that in the course of preparing for trial, a prosecutor may discover

additional information or reevaluate the State's interest in charging a defendant with additional crimes. Id. at 380-81. The Ninth Circuit, in applying Goodwin, found that a flexible standard for prosecutorial vindictiveness is necessary to account for: (1) the uncovering of additional information by the prosecution that suggests a further basis for prosecution or that the information possessed by the government has a broader significance; (2) the fact that the invocation of procedural rights by the defendant inevitably imposes some burden on the prosecution; and (3) the "give-and-take" negotiation common to plea negotiations between the prosecution and defense. Juarez, 992 F.2d at 906 (internal citations omitted).

The Juarez court initially found that defendant met the presumption of prosecutorial vindictiveness because the government had followed through with its threat to bring additional charges when the defendant proceeded with his motion to dismiss. Id. at 907. The court then, however, found that the government met its burden and rebutted the presumption of prosecutorial vindictiveness because: (1) the government contended that its original reports did not discuss conduct that was the basis for the new charges; (2) the prosecutor specifically warned the defendant that his refusal to plead guilty could result in additional charges; and (3) there was a legitimate reason for the delay in seeking the superseding

indictment, because the defendant had not yet made a decision on the plea bargain. Id. at 907-08.

I find no support for defendant's allegation of prosecutorial vindictiveness given this court's reading of Juarez, Goodwin and the recent Ninth Circuit case, U.S. v. Gastelum-Almeida, 298 F.3d 1167 (9th Cir.), cert. den., 537 U.S. 986 (2002). In Almedia, the Ninth Circuit held that "[v]indictiveness claims are, however, evaluated differently when the additional charges were added during pretrial proceedings, particularly when plea negotiations are ongoing, then when they are added during or after trial." Almeida, 298 F.3d at 1172. Those are the exact circumstances at bar. The charges at issue were added during pretrial proceedings, when plea negotiations were ongoing. Moreover, "[i]n the context of pretrial negotiations, vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right. Prosecutors often threaten increased charges and, if a guilty plea is not forthcoming, make good on that threat." Id. (internal citations omitted). Finally, "such prosecutorial actions as part of plea negotiations do not violate due process." Id.

This court heeds the Supreme Court's caution in Goodwin that, "there is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a

pretrial setting." Goodwin, 457 U.S. at 381. I find no indication that anything other than the "give-and-take negotiation common to plea negotiations" occurred here. Finally, I note that the Ninth Circuit finds it significant when, as here, "prosecutors have filed sworn affidavits stating that the charges were added upon further investigation and review of the case." Id. at 1173.

## CONCLUSION

Defendant's motions to dismiss new charges in the superseding indictment (doc. 55) and supplemental motion to dismiss new charges in the second superseding indictment (doc. 95) are denied.

IT IS SO ORDERED.

Dated this 26 day of July 2005.

_____
Ann Aiken
United States District Judge